CARR, J.
The court has nodifficulty as to the construction and effect of the former decree of this court, directing the settlement, according to the marriage articles between Bathurst Randolph and his wife Mary, the plaintiff in this suit. The whole aspect of the case, and all the reasoning of the court in its decree, lead to the same conclusion. Here was an infant with a large estate real and personal : it was important to protect her property from the marital rights of her intended husband, and to provide for the issue of the marriage : her mother, therefore, procured the marriage articles to be executed. The sole object of them, as this court properly concluded, was a provision for the wife, the husband, and the issue of the mar *424 riage. The articles were between the intended husband and wife alone ; no consideration moved from any other person ; no collaterals were the objects of any of its provisions. The fee simple and absolute property being in the wife, was so far to be restricted as was necessary for these purposes, but no further. Therefore, this court, after directing a formal settlement to be made, in conformity with its understanding of the marriage articles, expressly declared and provided, that it should be inserted in the settlement to be made, that if, and whenever, those purposes should be accomplished, or become impossible, the trusts should cease, and the estate be and remain as if the settlement had never been made. And is not this precisely the present state of the case ? The children of the marriage all dead without issue ; the husband dead, so as to render it impossible that there ever should be issue of the marriage ; the marriage agreement and settlement being now as if they had never existed ; must not the plaintiff Mary have the same rights in her estate as she originally had ?
This point of the case, therefore, has presented no difficulty to the court; and if the deed directed by this court *to be made to trustees, had been made, am^they had thus been clothed with the legal estate in the property, and the plaintiff had filed her bill to have the estate reconveyed to her, upon the ground that the purposes of the trust were satisfied; the court would have had no difficulty in decreeing the prayer of such a bill. But the present is a different case. By the decree of this court and the court of chancery, the deeds executed by Randolph and wife, to Meade, and by Meade to Randolph, were annulled ; and the deed to the trustees, never having been executed by Randolph and wife, the original title, the fee simple in the land, and absolute property in the personalty, are now vested in the wife, as at first, free from all control. She has also the use, possession and enjoyment of all her property, and no one is disturbing her. What right, then, has she to come into court ? The trustees, clearly, can give her no interruption, and have never dreamed of interfering. But she complains that some of her next of kin, and some persons learned in the law, are of opinion, that under the decree of this court, she has only a life estate in her property, and her mother, brothers and sisters, and their descendants, are entitled to the remainder in fee; and it is to settle this question, that a decree is asked of the court. Has the court jurisdiction of such a case ? This is neither a bill of peace, a bill quia timet, nor a bill to perpetuate evidence ; but a bill calling on a court of equity to decide, whether the plaintiff has a fee simple, or an estate for life only, in real and personal estate ; and the defendants, who are brought forward to litigate this title, are remaindermen, at most, whose titles, according to the plaintiff’s shewing, may not come in esse during their lives. The cases are, we think, decisive to shew, that such a bill cannot be entertained. Welby v. Duke of Rutland, 2 Bro. P. C. 39; Pelham v. Gregory, 3 Id. 204; Adderly v. Sparrow, in canc. Hill, 1779, Mitf. plead. 154 ; Devonsher v. Newenham, 2 Scho. & Lefr. 197, in which last case, lord Redesdale reviews the cases on the point. And upon this ground, and on this only, the chancellor’s decree dismissing the bill, is to be affirmed.